**FILED  
CLERK**

7/19/2016 3:36 pm

**U.S. DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK  
LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK  
------------------------------------------------------------------------X  
JASON P. BRAND, DASO DEVELOPMENT CORP.,

               Plaintiffs,

                            ORDER  
   -against-                   15-CV-6286 (JMA)(GRB)

AIG INSURANCE COMPANY, THE HARTFORD  
INSURANCE COMPANY, NATIONAL UNION  
FIRE INSURANCE COMPANY OF PITTSBURGH, PA,

               Defendants.  
------------------------------------------------------------------------X  

**AZRACK, United States District Judge:**

Pending before the Court are the applications to proceed *in forma pauperis* and for the appointment of *pro bono* counsel to represent the *pro se* plaintiffs Jason P. Brand ("Brand") and Daso Development Corp. ("DASO" and together, "plaintiffs") in this case. For the reasons set forth below, the application for Brand to proceed *in forma pauperis* is granted and his application for the appointment of *pro bono* counsel is denied without prejudice. DASO's applications to proceed *in forma pauperis* and for the appointment of *pro bono* counsel are denied.

## DISCUSSION

    I.    Applications to Proceed *In Forma Pauperis*

"Title 28 U.S.C. § 1915, providing for appearances *in forma pauperis,* authorizes federal courts to favor any "person" meeting its criteria with a series of benefits including dispensation from the obligation to prepay fees, costs, or security for bringing, defending, or appealing a lawsuit." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 197 (1993); see also 28 U.S.C. § 1915. Brand has submitted an application to proceed *in forma pauperis* that reflects that he: (1) has been unemployed since November 21, 2014: (2) does not receive any other income; and (3) does not have any money, including any money in a checking or

savings account.  (See ECF No. 2.)  Accordingly, the application to proceed *in forma pauperis* from Brand is granted.

The application from DASO is completed by Brand "on behalf of DASO" and reports only Brand's financial status.  (See ECF No. 9.)  DASO's submission does not indicate Brand's role with DASO nor does it include any information concerning DASO's financial position.  However, even assuming DASO's financial status would warrant a waiver of the filing fee, it is well established that corporations cannot proceed *in forma pauperis* under 28 U.S.C. § 1915.  Rowland, 506 U.S. at 197 (holding that the definition of "person" in the context of 28 U.S.C. § 1915 is a natural person, and does not include artificial entities); see also Hennings v. Buka N.Y. Corp., 2012 U.S. Dist. LEXIS 16462 at *1 (E.D.N.Y. Feb. 9, 2012).  Accordingly, the application from DASO to proceed *in forma pauperis* is denied.

II. Appointment of *Pro Bono* Counsel

28 U.S.C. § 1915(e)(1) provides that a "court may request an attorney to represent any person unable to afford counsel."  Courts possess substantial discretion to determine whether appointment of counsel for civil litigants is appropriate, Ferrelli v. River Manor Health Care Center, 323 F.3d 196, 203 (2d Cir. 2003), "subject to the requirement that [they] be 'guided by sound legal principle.'"  Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 171-72 (2d Cir. 1989) (quoting Jenkins v. Chemical Bank, 721 F.2d 876, 879 (2d Cir. 1983)).

When deciding whether to appoint counsel to an indigent civil litigant under §1915(e)(1), the threshold inquiry is whether there is "some likelihood of merit" to the litigant's position.  Johnston v. Maha, 606 F.3d 39, 41 (2d Cir. 2010); see also Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001) ("[C]ounsel should not be appointed in a case where the

2

merits of the indigent's claim are thin and his chance of prevailing are therefore poor."); see also Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986) (stating that "the district judge should first determine whether that indigent's position seems likely to be of substance").

If the threshold showing has been met, the court should next consider the following prudential factors:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge, 802 F.2d at 61-62; see also Johnston, 606 F.3d at 42 (applying the Hodge factors); Carmona, 243 F.3d at 632 (holding that "[o]nly after an initial finding that a claim is likely one of substance, will we consider secondary factors such as the factual and legal complexity of the case, the ability of the litigant to navigate the legal minefield unassisted, and any other reason why in the particular case appointment of counsel would more probably lead to a just resolution of the dispute"). However, those factors are not exclusive and "[e]ach case must be decided on its own facts." Hodge, 802 F.2d at 61.

Upon review of Brand's application, complaint and the filings in this case, including Brand's opposition to the pending motion to dismiss the complaint, the Court finds that the appointment of *pro bono* counsel is not warranted at this stage of the litigation. Although there may be some likelihood of merit to Brand's claims, the legal issues presented in this case are not particularly complex; Brand appears capable of preparing and presenting his case and investigating the crucial facts; and there is no special reason to appoint counsel at this time. Accordingly, Brand's application for the appointment of counsel is denied without prejudice to renewal when this case is trial ready. In the interim, Brand must either retain counsel or proceed

*pro se*.

Apart from the denial of the application to proceed *in forma pauperis* from DASO, the application for the appointment of *pro bono* counsel to represent it in this case is denied because the Court is not authorized to appoint counsel to a corporation. Collazo v. Lebron, 04-CV-110, 2004 WL 725642, at *1 (S.D.N.Y. Apr. 2, 2004) ("Only natural persons may qualify for the [appointment of *pro bono* counsel pursuant to 28 U.S.C. 1915(e)(1)]") (citing Rowland, 506 U.S. at 196 ("[O]nly a natural person may qualify for treatment *in forma pauperis* under § 1915.")). The Court appreciates that a corporation is required by 28 U.S.C. § 1654 to appear in federal court through counsel, see, e.g., *E*agle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991), and cautions DASO that, as an artificial entity, it must act through counsel to proceed with its claims herein. See, e.g., *J*ones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983) ("a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se* [in federal court]."); see also Lattanzio v. COMTA, 481 F.3d 137, 139-40 (2d Cir. 2007) (layperson may not represent a "separate legal entity" such as a corporation, a partnership, or a limited liability company). Accordingly, DASO's application for the appointment of *pro bono* counsel is denied and DASO's claims are dismissed without prejudice unless counsel files a notice of appearance on DASO's behalf within thirty (30) days from the date of this Order.

For the foregoing reasons, Brand's application to proceed *in forma pauperis* is granted and his application for the appointment of *pro bono* counsel is denied without prejudice to renewal when this case is trial ready, if so warranted at that time. DASO's application to proceed *in forma pauperis* is denied without prejudice and its application for the appointment of *pro bono* counsel is denied.

## **CONCLUSION**

For the foregoing reasons, Brand's application to proceed *in forma pauperis* is granted and his application for the appointment of *pro bono* counsel is denied without prejudice to renewal when this case is trial ready, if so warranted at that time. DASO's application to proceed *in forma pauperis* and its application for the appointment of *pro bono* counsel are denied.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

Dated: July 19, 2016  
      Central Islip, New York

                                                   /s/ JMA  
                                                   Joan M. Azrack  
                                                   United States District Judge