UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JASON P. BRAND, DASO DEVELOPMENT CORP.,

        Plaintiffs,

   -against-

AIG INSURANCE COMPANY, THE HARTFORD
INSURANCE COMPANY

        Defendants.
------------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM &
ORDER**
15-CV-6286 (JMA)(GRB)

**FILED
CLERK**
3/16/2017 2:07 pm
**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

  Defendant Hartford Fire Insurance Company ("Hartford" or "defendant") has moved to dismiss all claims brought by plaintiffs against Hartford. For the reasons stated below, the Court grants Hartford's motion and dismisses all claims against Hartford. In addition, the Court dismisses all claims brought by plaintiff DASO Development Corp. ("DASO") on the grounds that a corporation may not proceed pro se in federal court.

## I. BACKGROUND

  This case arises out of insurance claims filed pursuant to two insurance policies, only one of which is relevant to the pending motion to dismiss.[1]

**A. The Hartford Policy**

  In 2012, defendant Hartford (incorrectly named as "The Hartford Insurance Company" in the complaint) issued a commercial inland marine insurance policy to plaintiff DASO (hereinafter referred to as the "Hartford Policy"). (Glazer Decl. Ex. B-1, ECF No. 40-5.) This policy was

---

[1] The following facts are taken from the complaint, (Compl. ECF No. 1), documents attached to the complaint, (id.), and documents incorporated by reference in the complaint, such as the insurance policy issued by Hartford, (Glazer Decl. Exs. B–C, ECF No. 40). See Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004) (holding that a court may consider materials attached to the complaint, integral to the complaint, and incorporated into the complaint by reference when deciding a motion to dismiss).

1

effective from January 28, 2012 to January 28, 2013.  (Id.)  The Hartford Policy identifies plaintiff DASO and non-party DASO Cleaning & Restoration, Inc. as the insureds on the policy.  (Id. at 1.)  Plaintiff Jason Brand is not listed as an insured party on the policy.  (Id.)

Additionally, the Hartford Policy contains a provision limiting the time in which an insured party may bring a legal action to enforce its rights under the policy.  (Glazer Decl. Ex. B-2 at 2–3, ECF No. 40-6.)  The policy provides:

> **Legal Action Against Us**
> No one may bring a legal action against us under this Coverage Part unless: . . .
> The action is brought within 2 years after you first have knowledge of the direct loss or damage.

(Id.)

**B.  The Insurance Claim**

Plaintiffs allege that the events giving rise to this suit began "around September 2012, right before 'Sandy' Hurricane hit NY Metro Area [sic]."  (Compl. ¶ III.B.)  "[I]n preparation of Hurricane Sandy [plaintiffs'] staff & [plaintiffs] had noticed a large amount of equipment was stolen from [their] warehouse in which [they] were a restoration company who specializes in environmental & weather related damages [sic]."  (Id. ¶ III.C.)  Plaintiffs attempted to recover this alleged loss by filing a claim under the Hartford Policy.[2]  (Id. ¶ III.A.)  On May 23, 2014, after an investigation, Hartford denied the claim.  (Id.; Glazer Decl. Ex. C, ECF No. 40-7.)

**C.  Procedural History**

Plaintiffs filed this lawsuit on October 20, 2015, more than three years after plaintiffs noticed the loss of equipment in September 2012.  (ECF No. 1.)  On July 19, 2016, the Court issued an Order, denying plaintiffs the appointment of pro bono counsel.  Also, in that Order, the Court

---

[2]  Plaintiffs also attempted to claim the loss pursuant to another insurance policy allegedly issued by co-defendant AIG Insurance Company.  (Compl. ¶¶ III.A–III.C.)  That claim and policy are not relevant to the instant motion.

2

informed plaintiffs that corporations must be represented by counsel in order to appear in federal court. (ECF No. 45 at 4.) The Court further warned plaintiffs that in the event DASO failed to retain counsel within thirty days from the date of the Order, DASO's claims would be dismissed without prejudice. (Id.) To date, no attorney has filed a notice of appearance on behalf of plaintiff DASO.

Currently pending before the Court is Hartford's motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(4), 12(b)(5), and 12(b)(6). (ECF No. 40.) Because the Court decides dismissal is appropriate under Rule 12(b)(6), the Court does not reach these other grounds.

## II. DISCUSSION

### A. Standard on a Motion to Dismiss

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556. Mere labels and legal conclusions will not suffice. Twombly, 550 U.S. at 555. In reviewing a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006). Affirmative defenses, such as a statute of limitations defense, are appropriately decided on a 12(b)(6) motion if it is clear on the face of the complaint that the limitations period has run. Mosdos Chofetz Chaim, Inc. v. RBS Citizens, N.A., 14 F. Supp. 3d 191, 209 (S.D.N.Y. 2014) (citing Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d

406, 425 (2d Cir. 2008)).

"Where, as here, the complaint was filed pro se, it must be construed liberally to raise the strongest arguments it suggests. Nonetheless, a pro se complaint must state a plausible claim for relief." Nielsen v. Rabin, 746 F.3d 58, 63 (2d Cir. 2014) (quoting Walker v. Schult, 717 F.3d 119, 124 (2d Cir. 2013)). When deciding a motion to dismiss, a court may consider materials attached to the complaint, materials integral to the complaint, and materials incorporated into the complaint by reference. Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004).

### B.  Corporations May Not Proceed Pro Se

Plaintiff DASO, a corporation, has failed to retain counsel. For the reasons stated in the Court's Order dated July 19, 2016, (ECF No. 45), all claims brought by plaintiff DASO against Hartford and AIG Insurance Company are dismissed.

### C.  Jason Brand Is Not Insured Under the Hartford Policy

Defendant Hartford argues that plaintiff Brand's claims against Hartford should be dismissed because Brand is not listed as an insured on the Hartford Policy. The Court agrees.

Under New York law, "[a] party that is not named an insured or an additional insured on the face of the policy is not entitled to coverage." Mt. Hawley Ins. Co. v. Van Cortland Vill. LLC, No. 08-CV-10414, 2011 WL 5834255, at *13 (S.D.N.Y. Nov. 18, 2011) (quoting Tribeca Broadway Assoc. v. Mount Vernon Fire Ins. Co., 774 N.Y.S.2d 11, 13 (App. Div. 2004)). Plaintiff Brand does not dispute that he is not listed as an insured on the Hartford Policy. Brand merely asserts, in conclusory fashion, "[w]e the insureds, continued to act within the policy to make police reports and even follow through with the Bronx DA's office, Financial Crimes Section." (Pls.' Opp'n at 2, ECF No. 39.) The Court cannot discern whether this statement refers to the Hartford Policy or the policy allegedly issued by co-defendant, AIG. In any event, the Court has conducted

4

an independent review of the Hartford Policy, which is incorporated into the complaint by reference, and finds that, contrary to Brand's conclusory assertion, he is not an insured on the face of the policy. Accordingly, all claims brought by plaintiff Brand against defendant Hartford arising out of the Hartford Policy are dismissed.

**D.  The Claims Are Time-Barred**

Even if both plaintiffs were eligible to pursue their claims against Hartford, the Court would still dismiss all claims against Hartford as time-barred.

Pursuant to the Hartford Policy, all legal actions arising out of the policy must be brought within two years of a party's discovery of the loss or damage giving rise to the claim. By plaintiffs' own admissions, plaintiffs became aware of the alleged loss around September 2012. This means that plaintiffs were required to file any lawsuits related to the alleged loss by September 2014. Plaintiffs, in fact, filed their suit in October 2015—more than three years after discovery of the alleged loss. Accordingly, the Court dismisses all claims arising out of the Hartford Policy against defendant Hartford as time-barred.

**E.  Leave to Amend**

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation omitted). Nevertheless, a district court may deny a pro se plaintiff leave to amend when amendment would be futile." Boddie v. N.Y. State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009).

Here, the Court has carefully considered whether plaintiffs should be granted leave to amend the complaint. Because plaintiffs' claims arising out of the Hartford Policy are time-barred,

5

the Court finds that any amendment of these claims would be futile. Accordingly, the Court denies plaintiffs leave to amend.

### III.  CONCLUSION

For the reasons stated above, the Court grants Hartford's motion and dismisses all claims against Hartford. The Court also dismisses all claims brought by plaintiff DASO against defendants Hartford and AIG Insurance Company. The Clerk of Court is directed to terminate plaintiff DASO from the docket sheet and to mail copies of this Order to both pro se plaintiffs.

The Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45, 82 (1962).

**SO ORDERED.**

Dated:  March 16, 2017  
       Central Islip, New York

                                                              /s/ JMA  
                                                          Joan M. Azrack  
                                                United States District Judge