```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    For Online Publication Only
----------------------------------------------------------------X
JASON BRAND,

                        Plaintiff,

        -against-                                **ORDER**
                                                 15-CV-6286 (JMA)(GRB)
AIG INSURANCE COMPANY and NATIONAL
UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, P.A.,

                        Defendant.
----------------------------------------------------------------X
```

**AZRACK, United States District Judge:**

Before the Court are objections filed by plaintiff Jason Brand to Magistrate Judge Brown's August 16, 2018 Report and Recommendation ("R&R"). The R&R recommends that the motion to dismiss filed by National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), who argues that it was incorrectly sued as "AIG Insurance Company" ("AIG"), be granted in its entirety based on the Court's lack of personal jurisdiction over defendant, as plaintiff failed to effectuate service of a summons and complaint upon defendant. AIG is the sole remaining defendant in this action. On August 22, 2018, plaintiff filed objections to the R&R. (ECF No. 70.) On August 31, 2018, defendant filed its response to those objections. (ECF No. 71.)

In reviewing a magistrate judge's report and recommendation, the court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s][are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 05–CV–5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific

1

reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

I have undertaken a de novo review of the record, the R&R, the instant objections, and responses to those objections, and I agree with Judge Brown's well-reasoned R&R. Plaintiff argues in his objections for the first time that pursuant to plaintiff's in forma pauperis status, the U.S. Marshal was required to effectuate service of the complaint upon defendant on plaintiff's behalf. (Objections at 2, 4.) Plaintiff further argues that "service was effected on the defendants by email through an agent who handled the claim on their behalf + upon AIG directly." (Objections at 4.) However, in his opposition to defendant's motion to dismiss, plaintiff failed to even address the basis of defendant's motion, which was lack of personal jurisdiction due to plaintiff's failure to serve a summons and complaint upon defendant. (See ECF Nos. 60-61.) In fact, plaintiff's opposition failed to make *any* arguments regarding service or personal jurisdiction and appears to focus solely on the insurance policy at issue. (ECF No. 61.)

I will not consider plaintiff's arguments because they were not properly presented to the magistrate judge in the underlying motion papers. See Wells Fargo Bank, N.A. v. Sinnott, No. 07-CV-169, 2010 WL 297830 at *2 (D. Vt. Jan. 19, 2010) (finding the reasoning of the First, Fifth, Ninth, Tenth, and Eleventh Circuits to be persuasive and concluding that a district court has the discretion to decline to consider an argument raised for the first time in an objection to a magistrate judge's report and recommendation); see also Amadasu v. Ngati, No. 05-CV-2585, 2012 WL 3930386, at *5–7 (E.D.N.Y. Sept. 9, 2012) (discussing Well Fargo Bank, N.A. and declining to consider new arguments raised after the report and recommendation was issued).

Plaintiff's arguments having been waived, the Court overrules plaintiff's objections, adopts Judge Brown's R&R as the opinion of the Court and dismisses plaintiff's claims as to both National Union and AIG.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to mail a copy of this Order to the pro se plaintiff and to close this case.

**SO ORDERED.**

Date: September 11, 2018
Central Islip, New York

                                                   /s/ (JMA)
                                                Joan M. Azrack
                                                United States District Judge